FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 NOV -7 AM 11:55
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN BROWN, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. G-06-511 |
| | § | |
| TOTAL E&P USA, INC., | § | |
| Defendant. | § | |

07-8133

SECT. J MAG. 2

**ORDER**

Stephen Brown ("Plaintiff") brings this action against Total E&P USA, Inc. ("Defendant") for personal injuries that he allegedly endured while working aboard Defendant's oil production platform VK 823 on or about August 2, 2005. Now before the Court is Defendant's Motion to Transfer Venue to the U.S. District Court for the Eastern District of Louisiana (Document No. 48). For the reasons outlined below, the Motion is **GRANTED**. This case is **TRANSFERRED** to the U.S. District Court for the Eastern District of Louisiana.

**I. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the

___ Fee________
___ Process________
X Dktd________
___ CtRmDep________
___ Doc. No.________

case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight." *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Id.* The plaintiff's choice of forum is generally entitled to deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet*, 868 F.2d at 1436. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See id.*

## II. Analysis

### 1. Private Factors

#### A. Ease of Access to Sources of Proof

Neither party has given the Court any indication that the sources of proof in this case are so connected to one venue as to make trial in another venue substantially more or less convenient. As with most personal injury cases, the Court does not foresee that this case will be abnormally document intensive. Plaintiff states that the most relevant evidence relates to safety standards developed by Defendant within this District; however, the Court expects that such evidence would be primarily documentary and not so voluminous as to make trial in Louisiana more cumbersome than trial in Galveston. Defendant does state that some evidence will come from inspection of the oil production platform, which is located closer to Louisiana than to Texas. Accordingly, this factor weighs very slightly in favor of transfer.

#### B. Availability and Cost of Obtaining Attendance of Key Witnesses

- Defendant states that it intends to call several of Plaintiff's co-workers, and it believes that all of these potential witnesses reside in Louisiana and that none of them reside in Texas. Although Defendant has not provided a list of the particular co-workers that it intends to call as witnesses or the subject of their potential testimony, Defendant

has provided a list of other individuals on the platform at the time of the alleged accident. Defendant states that the companies that employed these individuals are all Louisiana companies. Therefore, it is reasonable to assume that the employees reside in Louisiana, outside the subpoena power of this Court. Defendant has apparently deposed certain witnesses in the Eastern District of Louisiana already. (Def.'s M. Transfer Venue 6.) Defendant was not Plaintiff's employer, and the Court therefore assumes that Defendant was not the employer of Plaintiff's co-workers and cannot compel their presence at trial.

- Defendant claims that at least some of Plaintiff's original treating physicians will need to testify at trial, and that the physicians who treated Plaintiff for the first ten months after the alleged accident do not reside in Texas. Plaintiff's Expert Witness List includes three physicians in Morgan City, Louisiana; one in Houma, Louisiana; one in Ridgeland, Mississippi; and three in Houston, Texas. (Pl.'s Resp. to M. Transfer Venue Ex. 2.) This list also includes medical facilities in Houma, Morgan City, Houston, and St. Louis, Missouri. Plaintiff also states that he is treated by a Dr. Sanders in Houston. However,

physicians often present their testimony by deposition, and the Court sees no reason that cannot be done in this case as well.

- Plaintiff, who resided in Louisiana at the time of the alleged accident and currently resides in Jackson, Mississippi, chose this forum, so it can be presumed that it is not inconvenient for him. (Pl.'s First Am. Original Compl. 1; Def.'s M. Transfer Venue 4, Ex. 3.)
- Plaintiff alleges that Defendant has its principal place of business within the Southern District of Texas and does significant business within the Galveston Division. (Pl.'s First Am. Original Compl. 2.)

Although the likely witnesses are, to some extent, scattered across the Gulf Coast, it appears that the majority of the non-party witnesses are located closer to the Eastern District of Louisiana than the Southern District of Texas, and the potential eyewitnesses are more likely to be within the subpoena power of the U.S. District Court for the Eastern District of Louisiana than of this Court. Therefore, this factor weighs in favor of transfer.

**C. Other Practical Problems**

Neither party has presented the Court with any other relevant private interest issues.

**2. Public Factors**

**A. Administrative Difficulties Flowing from Court Congestion**

This factor does not weigh for or against transfer.

**B. Local Interest**

Defendant asserts that the oil production platform is now and was at the time of Plaintiff's alleged accident located in the Viosca Knoll Area 1 of the Gulf of Mexico, which, according to the map provided by Defendant, is located off the eastern coast of Louisiana south of Alabama. (Def.'s M. Transfer Venue Ex. 2.) Plaintiff was a resident of Louisiana at the time of the accident. Residents of Louisiana certainly have a strong interest in the safety of their citizens working just off the Louisiana coast. Residents of the Southern District of Texas also have an interest in the behavior of companies located within this District, although that interest is weaker. This factor weighs slightly in favor of transfer.

**C. Familiarity with Applicable Law**

Plaintiff indicates that he has claims under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, and claims under general maritime law. (Pl.'s First Am. Original Compl. 1). Defendant asserts that this case is governed by either Louisiana or Alabama law because, under OCSLA, the law of the adjacent state applies. 43 U.S.C. § 1333(a)(2)(A). Although the Court need not determine at this juncture whether the oil production platform was adjacent to

Louisiana or Alabama, it is certainly not adjacent to Texas. The U.S. District Court for the Eastern District of Louisiana is better positioned to apply Louisiana law, and equally as competent to apply Alabama law and general maritime law as this Court is. Therefore, this factor weighs slightly in favor transfer because of the potential application of Louisiana law by a Louisiana court.

**D. Avoidance of Conflict of Law Issues**

To the extent Louisiana substantive law will apply to the case via OCSLA, transferring this case to a court sitting in Louisiana will avoid any conflict of law issues. If Mississippi law applies, conflict of law issues would be the same in this Court or in the Eastern District of Louisiana. Again, this factor weighs slightly in favor of transfer because of the potential application of Louisiana substantive law.

**3. Plaintiff's Choice of Forum**

Since Plaintiff is not a resident of this District, and this case has almost nothing to do with this District, Plaintiff's choice of forum is entitled to little deference. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that the plaintiff's choice of forum was "entitled to little or no deference" when the plaintiff did not live in the Southern District of Texas and the case had "no significant connection to this forum"). Thus, the Court finds that Plaintiff's choice of forum does not support retention of this case when other applicable factors weigh in favor of transfer.

## III. Conclusion

For the reasons outlined above, the Court

ORDERS that Defendant's Motion to Transfer Venue (Document No. 48) should be GRANTED. Accordingly, this case is **TRANSFERRED** to the U.S. District Court for the Eastern District of Louisiana. All parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

SIGNED at Houston, Texas, on the 5 day of November, 2007.

DAVID HITTNER
United States District Judge

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By [signature]
Deputy Clerk