```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

STEPHEN BROWN                           CIVIL ACTION

VERSUS                                  NO: 07-8133

TOTAL E&P USA, INC.                     SECTION: "J" (2)
```

### ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Rec. Doc. 29). For the reasons below, Defendant's Motion is **DENIED**.

### BACKGROUND

Plaintiff filed suit in the United States District Court for the Southern District of Texas on August 29, 2006, alleging that he suffered an injury on August 2, 2005. On that date, Brown was employed by Superior Offshore International, LLC ("Superior") and was stationed on a production platform owned by Total E&P USA ("Total"). The platform is located off the coast of Louisiana, and the case was subsequently transferred to this Court.

Superior had been hired to perform construction services on the Total platform in question. At the time of the accident, Superior was in the process of moving a heavy 16 square foot piece of iron and grating (a "skid") from one deck of the platform to another level. The skid was rigged to both the crane

and the air tugger, and the lifting operation began. The intent of the operation was to move the skid laterally to edge of the deck where the main crane could then lift the skid up to the top deck. Total was operating the crane on the main deck during the lift. Plaintiff alleges that when the crane and tugger began to apply tension to the skid to lift it off the deck, the skid got hung up, and then quickly jerked free. Thereafter, the cable of the headache ball of the crane struck Plainitff's lifeline and slung him onto the deck. Plaintiff alleges that as a result of his fall, he herniated two disks and eventually underwent a two-level cervical fuion to correct the problem. *See generally* (Rec. Doc. 39-2, at 4).

While Defendant denies and disputes all claims of the Plaintiff, it asserts that Plaintiff's own statements, if taken as true, lead to the conclusion that the LHWCA is Plaintiff's exclusive remedy.

## DISCUSSION

LHWCA, 33 U.S.C. § 905(b) provides an exclusive remedy which abrogates the tort liability of an employer to its employees. *Ketchum v. Gulf Oil Corp.*, 798 F.2d 159, 160-61 (5th Cir. 1986). Thus when a covered employee is injured, and sues under the LHWCA, the employee is entitled to recovery under the exclusive provisions of that act, but not under tort liability. *See*

2

*Alleman v. Omni Energy Servs. Corp.*, 512 F. Supp. 2d 448, 452-53 (E.D. La. 2007)(Vance, J.). The Fifth Circuit has further held that the exclusive remedy provision "gives borrowing employers a shield from tort liability from their borrowed employees under the LHWCA." *Id.* (*citing Melancon v. Amoco Production*, 834 F.2d 1238, 1244 (5th Cir. 1988)). Thus if Brown were a borrowed servant, then Total would be immune from tort liability, and the suit could only proceed under the provisions of the LHWCA.

The Fifth Circuit has established a nine part test for determining when the borrowed employee doctrine is applicable in a given case. *See Billizon v. Conoco, Inc.*, 993 F.2d 104, 105 (5th Cir. 1993); *Alleman*, 512 F. Supp. 2d at 453. In general, the question of whether a employee is a borrowed servant is a "matter of law" for the district court to determine. *Brown v. Union Oil Co.*, 984 F.2d 674, 677 (5th Cir. 1993). However, some cases involve factual disputes that must be decided by the fact finder. *Id.*

The nine factors are as follows:

1. Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?

2. Whose work is being performed?

3. Was there an agreement, understanding, or meeting of the

   minds between the original and the borrowing employer?
4. Did the employee acquiesce in the new work situation?
5. Did the original employer terminate his relationship with the employee?
6. Who furnished tools and place of performance?
7. Was the new employment over a considerable length of time?
8. Who had the right to discharge the employee?
9. Who had the obligation to pay the employee?

The Fifth Circuit has noted that no single factor or combination of factors is determinative. *Brown*, 984 F.2d at 677. The *Brown* court noted that the first factor was the most important of the factors. *Id.* However, that court noted that the *Melancon* court de-emphasized the first factor, and instead focused on fourth, fifth, sixth, and seventh factors. *Id.* (*citing Melancon*, 834 F.2d at 1245 n.12; *Gaudet v. Exxon Corp.*, 562 F.2d 351, 356 (5th Cir. 1977)).

Total argues that it bases its motion for summary judgment solely on the testimony of the Plaintiff, and admits that the testimony of Total's employees is completely contradictory. Total makes the point that Plaintiff's testimony either must substantiate that he is a borrowed employee, or if he is not a borrowed employee, then Total cannot be liable in tort because if

4

Total was not in control, then there can be no liability on its part under Louisiana law.

This Court understands that Total's argument is that Plaintiff cannot claim that Total was sufficiently in charge of the construction operation to be liable under Louisiana tort law, while at the same time denying that Total was in sufficient control for Plaintiff to be a borrowed employee.  Essentially, Total argues that because the tests are the same, there is no way to argue both.

However, the *Melancon* court expressly considered this type of argument.  In that case, the court held that the borrowed employee doctrine bears little resemblance to the concept of respondeat superior.  *Melancon*, 834 F.2d at 1245 n. 12. Essentially, the Fifth Circuit has held that the questions asked by the two tests are different and independent of each other. *See Gaudet*, 562 F.2d at 356.

Therefore, insofar as the Defendant admits that there are genuine issues of material fact that relate to each of the inquiries, the motion for summary judgment should be denied. Accordingly,

5

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 29) is **DENIED**.

New Orleans, Louisiana this the 28th day of May, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE