U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JUN 26 2008
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| STEPHEN BROWN | * | CIVIL ACTION |
| VERSUS | * | NO: 07-8133 |
| TOTAL E&P USA INC. | * | SECTION: "J"(2) |

**JURY INSTRUCTIONS**

**MEMBERS OF THE JURY:**

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND

Fee
Process
X Dktd
CtRmDep
Doc. No.

ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

YOUR VERDICT MUST BE BASED ONLY ON THE EVIDENCE IN THE CASE. YOU CANNOT BE GOVERNED BY SYMPATHY OR PREJUDICE OR ANY MOTIVE WHATSOEVER, EXCEPT A FAIR AND IMPARTIAL CONSIDERATION OF THE EVIDENCE, AND YOU MUST NOT ALLOW ANY SYMPATHY THAT YOU MAY HAVE FOR ANY PARTY TO INFLUENCE YOU IN ANY DEGREE IN ARRIVING AT YOUR VERDICT.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

## CREDIBILITY OF A WITNESS

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL. YOU MAY ALSO CONSIDER THE BIAS OR INTEREST OF ANY OF THE WITNESSES WHO TESTIFIED.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND

REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

**IMPEACHMENT**

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE, OR BY EVIDENCE THAT AT OTHER TIMES THE WITNESS HAS MADE STATEMENTS WHICH ARE INCONSISTENT WITH THE WITNESS'S PRESENT TESTIMONY. IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU HAVE THE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, SUCH BELIEVABILITY AS YOU MAY THINK IT DESERVES.

IN ADDITION, ALTHOUGH A WITNESS DOES NOT DELIBERATELY TESTIFY FALSELY, SOMETIMES HIS OR HER MEMORY MAY BE UNRELIABLE. YOU MAY HAVE A RIGHT TO DISTRUST, OR AT LEAST TO LIMIT, THE WEIGHT YOU GIVE TO SUCH TESTIMONY.

WHERE WITNESSES DISAGREE AS TO CERTAIN EVENTS, YOU MAY, OF COURSE, TAKE INTO CONSIDERATION THE RELATIVE OPPORTUNITY WHICH EACH WITNESS HAD TO OBSERVE THE EVENTS AT ISSUE WHEN THEY OCCURRED.

**DEPOSITION TESTIMONY**

CERTAIN TESTIMONY WAS PRESENTED TO YOU THROUGH DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THESE WITNESSES UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY, AND THE QUESTIONS AND ANSWERS WERE SHOWN TO YOU ON VIDEO. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

**OBJECTIONS**

DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE ARE ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

**BURDEN OF PROOF**

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS OR HER CLAIMS AGAINST THE DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU SHOULD FIND FOR THE DEFENDANT.

A "PREPONDERANCE OF THE EVIDENCE" MEANS THE GREATER WEIGHT AND DEGREE OF CREDIBLE EVIDENCE BEFORE YOU. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE THAT PERSUADES YOU THAT A CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

A PLAINTIFF NEED PROVE HIS CLAIMS ONLY BY A PREPONDERANCE OF THE EVIDENCE. THE PLAINTIFF NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND HE NEED NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN HIS FAVOR.

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE - SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE - THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

**EXPERT WITNESS**

WHEN KNOWLEDGE OF TECHNICAL OR SCIENTIFIC SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL EDUCATION, TRAINING OR EXPERIENCE IN THAT FIELD - HE IS CALLED AN EXPERT WITNESS - IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY ON IT.

**CORPORATE PARTY INVOLVED**

AN EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ITS EMPLOYEES WHILE THEY ARE ACTING WITHIN THE COURSE AND SCOPE OF THEIR EMPLOYMENT. IT IS NOT NECESSARY TO SHOW THAT THE MANAGEMENT OR OFFICERS OF THE EMPLOYER WHERE THEMSELVES NEGLIGENT IN ANY WAY FOR THE EMPLOYER TO BE RESPONSIBLE. IN THIS CASE, THE DEFENDANT IS A CORPORATION, AND AS SUCH, CAN ACT ONLY THROUGH ITS OFFICERS AND EMPLOYEES. ANY NEGLIGENT ACT OR OMISSION OF AN OFFICER, EMPLOYEE OR OTHER AGENT OF A CORPORATION IN THE PERFORMANCE OF HIS DUTIES IS HELD BY LAW TO BE THE NEGLIGENCE OF THE CORPORATION.

**THE CLAIMS**

PLAINTIFF, STEPHEN BROWN, SEEKS TO RECOVER DAMAGES FOR THE INJURIES HE ALLEGEDLY SUFFERED IN AN ACCIDENT WHILE WORKING ON AN OFFSHORE PLATFORM, KNOWN AS "VIRGO." HE ALLEGES THAT HE WAS INJURED ON THE OFFSHORE PLATFORM AFTER A PIECE OF METAL, CALLED A SKID, BEING MOVED BY A CRANE ON THE PLATFORM CAUGHT HIS LIFELINE, CAUSING THE PLAINTIFF SIGNIFICANT INJURIES. THE PLAINTIFF ALLEGES THAT THE DEFENDANT, TOTAL E&P USA, INC., AS OWNER AND OPERATOR OF THE PLATFORM, NEGLIGENTLY OPERATED THE CRANE AND FAILED TO PROPERLY PLAN OR SUPERVISE THE CRANE OPERATIONS.

DEFENDANT, TOTAL E&P, DENIES THAT MR.BROWN SUFFERED AN INJURY ON THE OFFSHORE PLATFORM AS HE ALLEGES. ALTERNATIVELY, IF MR. BROWN WAS INJURED, TOTAL E&P CONTENDS THAT PLAINTIFF'S INJURIES RESULTED FROM THE NEGLIGENCE OF THE PLAINTIFF AND/OR THE NEGLIGENCE OF THE PLAINTIFF'S EMPLOYER, SUPERIOR OFFSHORE INTERNATIONAL.

IN ORDER TO RECOVER IN THIS CASE, PLAINTIFF MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE, THE FOLLOWING:

1) THAT DEFENDANT, TOTAL E&P USA, INC., WAS NEGLIGENT;

2) THAT DEFENDANT'S NEGLIGENCE WAS A CAUSE OF THE PLAINTIFF'S INJURY; AND

3) THAT PLAINTIFF SUSTAINED DAMAGES AS A RESULT OF HIS INJURY

**NEGLIGENCE**

NEGLIGENCE IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE THAT A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE CIRCUMSTANCES. NEGLIGENCE MAY CONSIST EITHER IN DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE CIRCUMSTANCES, OR IN FAILING TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO UNDER LIKE CIRCUMSTANCES.

**CAUSATION**

IN ORDER TO SUCCEED IN THIS MATTER, THE PLAINTIFF MUST PROVE THAT DEFENDANT'S NEGLIGENCE OR FAULT WAS A CAUSE OF THE DAMAGE PLAINTIFF SUFFERED. BY "CAUSE OF THE DAMAGE" I MEAN THAT THE NEGLIGENCE OR FAULT WAS BOTH A CAUSE-IN-FACT AND A PROXIMATE CAUSE OF THE DAMAGE.

AN ACT OR A FAILURE TO ACT IS A **CAUSE-IN-FACT** OF AN INJURY OR DAMAGES IF IT APPEARS FROM THE EVIDENCE THAT THE ACT OR OMISSION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGES.

AN ACT OR OMISSION IS A **PROXIMATE CAUSE** OF THE PLAINTIFF'S INJURIES OR DAMAGES IF IT APPEARS FROM THE EVIDENCE THAT THE INJURIES OR DAMAGES WERE A REASONABLY FORESEEABLE CONSEQUENCE OF THE ACT OR OMISSION.

AS TO THE REQUIREMENT THAT THE PLAINTIFF'S DAMAGES BE CAUSED BY THE DEFENDANT'S CONDUCT, I DO NOT MEAN THAT THE LAW RECOGNIZES ONLY ONE CAUSE OF ANY DAMAGE, CONSISTING OF ONLY ONE FACTOR OR THING, OR THE CONDUCT OF ONLY ONE PERSON OR COMPANY. ON THE CONTRARY, MANY FACTORS OR THINGS MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE. YOU SHOULD RESOLVE THIS QUESTION BY DECIDING WHETHER THE PLAINTIFF WOULD PROBABLY NOT HAVE SUFFERED THE CLAIMED DAMAGES IN THE ABSENCE OF A WRONGFUL ACT BY THE DEFENDANT.

## CONTRIBUTORY NEGLIGENCE

THE DEFENDANT CONTENDS THAT THE PLAINTIFF WAS NEGLIGENT AND THAT SUCH NEGLIGENCE WAS A CAUSE OF THE PLAINTIFF'S DAMAGES. THE DEFENDANT BEARS THE BURDEN OF PROVING THAT THE PLAINTIFF WAS NEGLIGENT. THE DEFENDANT MUST ESTABLISH:

***FIRST***, THAT THE PLAINTIFF WAS ALSO NEGLIGENT; AND

***SECOND***, THAT SUCH NEGLIGENCE WAS A CAUSE OF THE PLAINTIFF'S OWN DAMAGE.

IF YOU FIND THAT THE DEFENDANT WAS NEGLIGENT AND CAUSED THE PLAINTIFF'S INJURY, AND ALSO FIND THAT THE PLAINTIFF WAS NEGLIGENT AND HELPED CAUSE THE INJURIES, THEN THE PLAINTIFF WILL BE BARRED FROM ANY RECOVERY.

**DAMAGES -- CONSIDER ONLY IF NECESSARY**

IF THE PLAINTIFF HAS PROVEN HIS CLAIM AGAINST THE DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANT IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANT IS LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANT.

**COMPENSATORY DAMAGES**

IF YOU FIND THAT THE DEFENDANT IS LIABLE TO THE PLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE -- THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE THAT THE PLAINTIFF HAS SUFFERED. COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT THE PLAINTIFF MAY HAVE INCURRED BECAUSE OF HIS INJURY. IF THE PLAINTIFF WINS, HE IS ENTITLED TO COMPENSATORY DAMAGES FOR THE PHYSICAL INJURY, PAIN

AND SUFFERING, SHOCK AND DISCOMFORT, AND LOSS OF ENJOYMENT OF LIFE THAT HE HAS SUFFERED BECAUSE OF THE DEFENDANT'S CONDUCT.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE CAUSED BY THE DEFENDANT'S ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANT. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF HAS ACTUALLY SUFFERED OR THAT THE PLAINTIFF IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGE, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE: PAST MEDICAL EXPENSES, FUTURE MEDICAL EXPENSES, PAST AND FUTURE LOST WAGES, PAIN AND SUFFERING, AND LOSS OF ENJOYMENT OF LIFE.

**PAIN AND SUFFERING**

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT THE PLAINTIFF SUSTAINED AND ANY PAIN AND SUFFERING THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

**MEDICAL EXPENSES**

THIS REPRESENTS THE REASONABLE VALUE OF MEDICAL CARE AND TREATMENT THAT THE PLAINTIFF HAS INCURRED BECAUSE OF HIS INJURIES WHICH WERE CAUSED BY THE DEFENDANT'S WRONGFUL CONDUCT. YOU MAY

ALSO CONSIDER THE REASONABLE VALUE OF MEDICAL CARE THAT THE PLAINTIFF WILL INCUR IN THE FUTURE BECAUSE OF HIS INJURIES, TO THE EXTENT THAT YOU FIND SUCH DAMAGES PROVED BY A PREPONDERANCE OF THE EVIDENCE.

**LOST WAGES**

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR THE LOSS OF PAST EARNINGS THERE ARE SEVERAL FACTORS THAT YOU SHOULD CONSIDER. YOU SHOULD CONSIDER ANY EVIDENCE OF THE PLAINTIFF'S EARNING CAPACITY, HIS EARNINGS, THE MANNER IN WHICH HE ORDINARILY OCCUPIED HIS TIME BEFORE THE INJURY AT ISSUE, HIS INABILITY TO PURSUE HIS OCCUPATION, AND DETERMINE WHAT HE WAS REASONABLY CERTAIN TO HAVE EARNED DURING THE TIME HE LOST IF HE HAD NOT BEEN DISABLED.

**FUTURE LOST WAGES**

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR THE LOSS OF FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD HAVE BEEN

SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX.

SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT IT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT.

## TAX FREE STATUS OF DAMAGE AWARDS

ANY AWARD YOU MAKE TO THE PLAINTIFF IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE THE AMOUNT THAT PLAINTIFF IS ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON IT.

**DAMAGES - MITIGATION**

IT IS THE DUTY OF ONE INJURED TO EXERCISE ORDINARY CARE TO REDUCE HIS DAMAGES. THE PLAINTIFF IS BOUND TO EXERCISE SUCH CARE AS A REASONABLY PRUDENT PERSON WOULD EXERCISE UNDER LIKE CIRCUMSTANCES TO REDUCE OR MITIGATE THE DAMAGES. HE CAN RECOVER ONLY FOR DAMAGES THAT WOULD HAVE BEEN SUSTAINED HAD SUCH CARE BEEN EXERCISED.

**USE OF NOTES TAKEN BY JURORS**

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAT THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

**DELIBERATIONS**

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO REACH A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. YOUR VERDICT MUST BE UNANIMOUS AS TO EACH QUESTION ON THE VERDICT FORM.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.

IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OF THE EVIDENCE OR THE EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT. REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES - - JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU WILL RECEIVE A COPY OF MY WRITTEN LEGAL INSTRUCTIONS AND ALL OF THE EXHIBITS WHICH THE COURT HAS ADMITTED INTO

EVIDENCE. YOU WILL ALSO SELECT ONE FOREPERSON, WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND SPEAK FOR YOU IN COURT.

A SPECIAL VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE. YOU WILL TAKE THAT FORM TO THE JURY ROOM. IT READS AS FOLLOWS:

**[SPECIAL VERDICT FORM IS READ TO THE JURY.]**

YOU WILL NOTE THAT THE FORM CONTAINS INTERROGATORIES OR QUESTIONS. YOU MUST CAREFULLY FOLLOW THE DIRECTIONS ON THE FORM. THE ANSWER TO EACH QUESTION MUST BY THE UNANIMOUS ANSWER OF THE JURY. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN YOUR ANSWERS ON THE FORM.

DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NOT DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION UNTIL YOU ARE DISCHARGED. AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON WILL DATE AND SIGN THE SPECIAL VERDICT FORM.

IF IT BECOMES NECESSARY TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD GIVE A WRITTEN MESSAGE OR QUESTION TO THE COURT SECURITY OFFICER, WHO WILL BRING IT TO ME. I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURTROOM TO ANSWER YOUR MESSAGE ORALLY. UNDER EITHER

CIRCUMSTANCE, I WILL RELATE YOUR MESSAGE OR QUESTION AND MY RESPONSE TO COUNSEL BEFORE REPLYING TO YOU.

YOU MAY NOW RETIRE TO THE JURY ROOM TO DELIBERATE AFTER FIRST SELECTING YOUR FOREPERSON.