UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN BROWN                                    CIVIL ACTION

VERSUS                                           NO: 07-8133

TOTAL E&P USA INC.                               SECTION: "J" (2)

**ORDER AND REASONS**

Before the Court is defendant's **Motion for Judgment as a Matter of Law (Rec Doc. 98)**.  This motion, which is opposed, was set for hearing on August 6, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the defendant's motion should be denied.

**Background Facts**

Plaintiff was injured on August 2, 2005 while completing repair work on an offshore platform.  He was working as a welder for Superior Offshore Services ("Superior").  Superior had contracted with Total E&P USA Inc. ("Total") to remove metal skids from the plus ten deck of the platform.  Plaintiff was injured in the process of removing a four by four foot metal

skid.  The skid was being lifted in one piece by a crane on the platform.  During the lift, the crane line struck the plaintiff's lifeline which caused him to jerk, injuring his neck.  Total moved at the close of plaintiff's evidence and at the close of its own case for judgment as a matter of law.  The Court took these motions under advisement and submitted the case to the jury.  After lengthy deliberations, the jury rendered a verdict for plaintiff in the amount of $235,000.

## The Parties' Arguments

Total makes several arguments in support of this motion.  They first argue that there is an independent contractor defense because Superior was fully responsible for its own employees who were working on the platform.  Alternatively, Total argues that plaintiff was a borrowed servant and thus his exclusive remedy would be a workers' compensation claim.  Lastly, Total asserts that plaintiff failed to prove that Total was involved in any independent act of negligence that might lead to liability.  Combining arguments, Total asserts that either they were responsible for plaintiff and thus he was a borrowed servant or plaintiff was an independent contractor and Total had no responsibility.  If plaintiff was a borrowed servant, then Total argues that the Court erred by not instructing the jury of this possibility.  However, if plaintiff was an independent contractor

then Total argues that as a matter of law plaintiff cannot recover from them.

Plaintiff argues that Total does not fit the legal test for plaintiff to be a borrowed servant. In analyzing the test, plaintiff asserts that Total cannot meet any of the requirements to create a borrowed servant. Second, plaintiff argues that Total is negligent for plaintiff's injuries even when plaintiff is not a borrowed servant. Plaintiff asserts that Total is negligent because they gave the plaintiff and Superior an express order to engage in an unsafe work activity. Plaintiff contends that it is possible for plaintiff not to be a borrowed servant yet for Total to still have liability.

## Discussion

Federal Rule of Civil Procedure 50 permits a court to enter a judgment as a matter of law when there is "no legally sufficient evidentiary basis" for the jury's verdict. Fed. R. Civ. P. 50(a)(1); Vadie v. Mississippi State Univ., 218 F.3d 365, 372 (5th Cir. 2000), cert. denied, 531 U.S. 1113 (2001). A jury verdict is tested by "viewing all of the evidence and drawing all reasonable inferences in the light most favorable to the verdict." Id. citing Scott v. Univ. of Mississippi, 148 F.3d 493, 504 (5th Cir. 1998).

Here, Total challenges the jury verdict on two separate

grounds.  First, they assert that the plaintiff was Total's borrowed servant, thus preventing any jury verdict, and that the Court committed error by not instructing the jury on the borrowed servant issue.  Second, Total asserts that if plaintiff is not a borrowed servant then Total could not have been responsible for plaintiff and thus has no liability.   The Fifth Circuit has established a nine part test for determining when the borrowed employee doctrine is applicable in a given case.  See <u>Billizon v. Conoco, Inc.</u>, 993 F.2d 104, 105 (5th Cir. 1993); <u>Alleman v. Omni Energy Servs. Corp.</u>, 512 F. Supp. 2d 448, 452-53 (E.D. La. 2007).  In general, the question of whether an employee is a borrowed servant is a "matter of law" for the district court to determine.  <u>Brown v. Union Oil Co.</u>, 984 F.2d 674, 677 (5th Cir. 1993).  However, some cases involve factual disputes that must be decided by the fact finder.  <u>Id.</u>

The nine factors are as follows:

    1.   Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?

    2.   Whose work is being performed?

    3.   Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?

    4.   Did the employee acquiesce in the new work

        situation?

5. Did the original employer terminate his relationship with the employee?

6. Who furnished tools and place of performance?

7. Was the new employment over a considerable length of time?

8. Who had the right to discharge the employee?

9. Who had the obligation to pay the employee?

Billizon, 993 F.2d at 105.

The Fifth Circuit has noted that no single factor or combination of factors is determinative. Brown, 984 F.2d at 677. The Brown court noted that the first factor was the most important of the factors. Id. However, the Melancon court de-emphasized the first factor, and instead focused on the fourth, fifth, sixth, and seventh factors. Melancon v. Amoco Production, 834 F.2d 1238, 1244 (5th Cir. 1988).

    An analysis of these nine factors reveals that Total cannot satisfy a single factor in favor of plaintiff being a borrowed servant. For the first factor, courts have focused on whether the borrowed servant receives virtually all of his instructions from the borrowing employer. Alleman, 512 F. Supp. 2d at 454. In this case, Total has consistently argued that it did not maintain control over plaintiff's work. Total's supervisor on the platform, Don Pinell, and one of Superior's supervisors,

Patrick Arabie testified at the trial that Total did not control Superior's work or plaintiff's work. For the second factor, Superior's work was being performed on the platform. Total's Daily Activity Reports reflected that Superior's work was being completed. For the third factor, there was no agreement or meeting of the minds that suggested plaintiff was a borrowed servant. Testimony at trial was unequivocal that plaintiff was receiving his instructions from a Superior supervisor. It does not seem from the trial evidence that plaintiff acquiesced in the work environment related to the lift that injured him. Instead, the evidence at trial was that other methods of completing the lift were suggested by plaintiff and other Superior employees. However, it could be argued that plaintiff's willingness to work on the platform indicated his acquiescence to the environment. For the fifth factor, there is no argument that can be made that Superior terminated its employment of plaintiff when he began work on the Total platform. The evidence from trial was clear that he was working for Superior when he was on the platform. For the sixth factor, the trial evidence suggests that Superior, not Total, provided the tools for the work that was completed. In particular at trial there was argument from Total that the air tuggers used in the lift were from Superior. For the seventh factor, if plaintiff was employed by Total, such employment would have been limited to the short period of time when he was on the

6

platform.  For the eighth and ninth factors, there is no evidence that Total could fire plaintiff or that Total ever directly paid plaintiff.  There is scant evidence to support the argument that plaintiff was Total's borrowed servant.  Total did not pursue this argument at trial and did not present any evidence to support such a theory.  Instead, Total relied on the argument that plaintiff and Superior were an independent contractor and thus Total had no responsibility for plaintiff's injury.

Total's second argument is essentially that if they cannot prove that they were sufficiently in control of the operation that led to plaintiff's injury such that plaintiff is a borrowed servant, then they could not have had enough control of the operation to be held liable if plaintiff is a contractor.  In essence, Total argues that because the tests are the same, there is no way to argue both.

The Melancon court expressly considered this type of argument.  In that case, the court held that the borrowed employee doctrine bears little resemblance to the concept of respondeat superior.  Melancon, 834 F.2d at 1245 n. 12.  The Fifth Circuit has held that the questions asked by the two tests are different and independent of each other.  See Gaudet, 562 F.2d at 356.  As a result, Total's argument on this motion is stripped down to the simple assertion that there was not enough evidence to support the jury's verdict that Total was liable.

7

However, it seems clear from the evidence at trial that there was enough evidence presented by the plaintiff that would permit the jury to believe that Total was involved in deciding how to perform the subject lift and that Total overruled the suggestions for a safer lift suggested by Superior employees, including the plaintiff.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Judgment as a Matter of Law (Rec Doc. 98)** is **DENIED.**

New Orleans, Louisiana, this 23rd day of October, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE