```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

STEPHEN BROWN                                  CIVIL ACTION

VERSUS                                         NO: 07-8133

TOTAL E&P USA INC.                             SECTION: "J" (2)
```

**ORDER AND REASONS**

Before the Court is plaintiff's **Motion for Imposition of Prejudgment Interest (Rec Doc. 103)**. This motion, which is opposed, was set for hearing on August 6, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that plaintiff's motion should be denied.

## Background Facts

Plaintiff was injured on August 2, 2005 while completing repair work on an offshore platform. He was working as a welder for Superior Offshore Services ("Superior"). Superior had contracted with Total E&P USA Inc. ("Total") to remove metal skids from the plus ten deck of the platform. Plaintiff was injured in the process of removing a four by four foot metal

skid.  The skid was being lifted in one piece by a crane on the platform.  During the lift, the crane line struck the plaintiff's lifeline which caused him to jerk, injuring his neck.  At trial, Total moved at the close of plaintiff's evidence and at the close of its own case for judgment as a matter of law.  The Court took these motions under advisement and submitted the case to the jury.  After lengthy deliberations, the jury rendered a verdict for plaintiff in the amount of $235,000. The Court had previously determined that Alabama substantive law applied in this case.  As a result, at the time of entry of judgment the Court determined that under Alabama law plaintiff was not entitled to prejudgment interest.

### The Parties' Arguments

Plaintiff filed this motion arguing that under Alabama law he is entitled to 6% statutory prejudgment interest on liquidated portions of the judgment.  Specifically, plaintiff asserts that under Alabama law past medical bills and lost wages are liquidated damages.  In this case, the jury awarded $60,000 dollars in lost wages and $150,000 in past medical bills and plaintiff believes that he is entitled to 6% prejudgment interest on these amounts.

Total opposes plaintiff's motion and argues that while it is correct that Alabama law allows for prejudgment interest on

2

liquidated damages, no such damages exist in this case.

## Discussion

Alabama state law applies to the computation of prejudgment interest in an action brought under OCSLA.  <u>Hunt Petroleum Corp. v. Mobil Oil Exploration and Producing Southeast, Inc.</u>, 2000 U.S. Dist. LEXIS 892 (E.D. La. Jan. 27, 2000).  Although prejudgment interest is not explicitly mentioned in the Alabama Code, as is postjudgment interest, a judgment  is considered to be the same as any other debt or obligation to pay under Alabama law.  Thus, Section 8-8-1 of the Alabama Code sets the rate of interest on any loan or debt obligation at 6% where there is no contractual rate of interest.  Alabama courts have established that this is the appropriate rate of interest for the purpose of imposing prejudgment interest.  See <u>Burgess Mining and Construction Corp. v. Lees</u>, 440 So. 2d 321, 338 (Ala. 1983).  However, under Alabama law prejudgment interest may only be awarded if the amount in question was liquidated prior to the judgment.  <u>Nelson v. AmSouth Bank</u>, 622 So. 2d 894, 895 (Ala. 1993).  Thus, Alabama has adopted the common law rule that prejudgment interest is not permissible in actions for personal injury and wrongful death, which by their very nature involve unliquidated damages until such time as the finder of fact renders a decision. See e.g., <u>LeFevre v. Westberry</u>, 590 So.2d 154, 163 (Ala. 1991) (finding that

3

prejudgment interest is not available under Alabama law in uninsured-motorist action involving personal injuries).

Alabama courts have articulated that "[p]rejudgment interest is awarded in Alabama only when the amount due is certain or capable of being made certain." Richards v. General Motors Co., 461 So.2d 825, 827 (Ala. Civ. App. 1984). Moreover, in Richards, the court explained that if the amount of the judgment was left to the discretion of a jury then "the amount due plaintiff was not susceptible of simple computation and, hence, was not subject to prejudgment interest." Id. In Alpha Mutual v. Beard, the Alabama Supreme Court applied the definitions of liquidated damages and unliquidated damages that it first enunciated in United States Fidelity & Guaranty Co. v. German Auto Inc., 591 So.2d 841 (Ala. 1991), to a case involving uninsured-motorist coverage. 597 So.2d 664 (Ala. 1992). Specifically, the Court stated the following:

> The term 'liquidated' damages is defined as 'the amount of damages . . . ascertained by the judgment in the action, or . . . a specific sum of money. . . expressly stipulated by the parties . . . as the amount of damages to be recovered. . . [Those] damages which are reasonably ascertainable at time of breach, measured by fixed or established external standard, or by standard apparent from documents upon which plaintiffs based

4

>their claim.'  The term 'unliquidated damages' is defined as damages that 'are not yet reduced to a certainty in respect of amount, nothing more being established than the plaintiff's right to recover; or [damages] as cannot be fixed by a mere mathematical calculation from ascertained data in the case.''

Alpha Mutual, 597 So.2d at 666-67 (citations omitted). The Alabama Supreme Court has further explained that in the context of a payment due under an underinsured-motorist provision, "the payment due becomes 'liquidated' by 1) the entry of a judgment in the action; 2) an express stipulation of the parties for a specific sum of money as the amount of damages to be recovered from the underinsured-motorist coverage carrier; or 3) the entry of a default judgment as to liability against the underinsured motorist in a situation where the amount of the insured's actual out-of-pocket loss . . . exceeds the limits of the underinsured motorists's liability coverage added to the underinsured-motorist coverage." State Farm Mutual Auto. Ins. Co. v. Wallace, 743 So.2d 448, 450-51 (Ala. 1999).

Finally, defendant accurately asserts in its Reply Memo that both the award for past medicals and future lost earnings could not be determined prior to the jury's verdict.  Therefore, these amounts were not "liquidated" prior to the entry of the judgment on June 30, 2008.  Additionally, Plaintiff incorrectly relies on

Nelson v. AmSouth Bank, N.A., 622 So.2d 894, 895 (Ala. 1993) since Nelson involved recovery of the proceeds of an account that a bank had paid to the widow of another owner of the account. Thus, Nelson is inapplicable as the proceeds held in an account are quite distinct from the recovery of past medical services and future lost earnings in that the amount held in an account is at all times "capable of being made certain."  Rather, applying the definitions provided by Alpha Mutual the amounts eventually found to be due to plaintiff in this case were "unliquidated", i.e., the damages were "not yet reduced to a certainty in respect of amount" until the judgment was entered.  Accordingly,

**IT IS ORDERED** that plaintiff's **Motion for Imposition of Prejudgment Interest (Rec Doc. 103)** is **DENIED.**

New Orleans, Louisiana, this 23rd day of October, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE